UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ENTERPRISE HOLDINGS, INC., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14MC00516 AGF |
| | ) | |
| SANDRA MCKINNON and | ) | |
| KRISTEN TOOL, | ) | |
| | ) | |
| Respondents. | ) | |

| | | |
|---|---|---|
| ENTERPRISE HOLDINGS, INC., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14MC00517 HEA |
| | ) | |
| ALLEN FRIEDMAN and MICHAEL J. | ) | |
| NELLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

These matters have been consolidated for ruling on the motions of Enterprise Holding, Inc. ("Enterprise") to quash non-party subpoenas seeking documents and testimony in two consumer fraud class actions against Enterprise's competitor, Dollar Thrifty Automotive Group, Inc., and related entities (collectively, "Dollar"). For the reasons set forth below, the motions to quash shall be granted.

## BACKGROUND

In each state action noted above, the plaintiffs (Respondents here), on behalf of a putative class, asserted claims for breach of contract, unjust enrichment, and violations of state consumer protection laws against Dollar, a car rental business, for its alleged conduct in tricking consumers into buying optional car insurance products and other added services the consumers did not want and/or had specifically declined. On September 17, 2014, the plaintiffs filed subpoenas on Enterprise asking that a company representative appear for deposition, and bring documents, on the following topics: the percentage of Enterprise's customers in each of four states and nationwide that purchased the optional insurance products at issue, the percentage of Enterprise's revenue generated from such purchases, the compensation structure of Enterprise's sales agents related to the sales of such products, the number of complaints received from customers related to such sales, and Enterprise's efforts to comply with state disclosure laws relating to rental cars.

Enterprise now moves to quash the subpoenas, arguing that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence in the two underlying state court actions, and that compliance with the subpoenas would subject Enterprise to undue burden and expense in that they seek voluminous as well as confidential and sensitive business information. Respondents contend that the motivation in issuing the subpoenas was "to develop an understanding of the customs and standards of the rental car industry in comparison to the practices that are prevalent at the Defendant in the underlying action[s]." They assert that they are willing to discuss with Enterprise the amount of information they seek and a time frame for compliance.

## **DISCUSSION**

Federal rule of Civil Procedure 26(c)(1)(A) permits courts to forbid discovery in the protection of any person, and Rule 45(d)(3)(A)(iv) requires courts to quash or modify a subpoena when it subjects a person to undue burden. Courts have wide latitude in deciding motions to quash civil non-party subpoenas, and should give special consideration in assessing whether the subpoena subjects a non-party to annoyance or an undue burden or expense. *Swann v. Calahan*, No. 4:11CV00369(JCH), 2011 WL 3608056, at *1 (E.D. Mo. Aug. 15, 2011).

Here the information requested is incredibly extensive. And the Court concludes that the subpoenas in question seek information that would only be tangential to the issues in the underlying lawsuit challenging Dollar's conduct. Furthermore, the information sought is, as Enterprise maintains, sensitive proprietary business information. Thus, even if Respondents were to narrow the scope of information sought, the basic problems with the subpoenas would remain. Balancing the relevant factors favors Enterprise. *See Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 4:12-MC-624-JAR, 2013 WL 3225802, at *5 (E.D. Mo. June 25, 2013) (stating that the factors to be balanced by a court in determining the propriety of a subpoena are "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena") (citation omitted).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motions to quash are **GRANTED**.

(Doc. Nos. 1 and 18.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2014.